IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL JOE HORTON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:06-CV-844-Y |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Michael Joe Horton, TDCJ-ID #517911, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

Horton is serving a life sentence for his 1996 conviction for capital murder in the 213th District Court of Tarrant County, Texas. (2State Habeas R. at 71.)[1] Horton filed a timely notice of appeal in the Second District Court of Appeals but later filed a motion to voluntarily withdraw the appeal. The appellate court granted the motion and dismissed the appeal on March 27, 1997. (*Id.* at 73.) *Horton v. Texas*, No. 2-96-538-CR, slip op. (Tex. App.–Fort Worth Mar. 27, 1997) (not designated for publication). Horton filed a state habeas application challenging his conviction on June 17, 2005, which was denied by the Texas Court of Criminal Appeals without written order on the findings of trial court on March 29, 2006. (2State Habeas R. at cover, 2.) Horton filed this federal petition for writ of habeas corpus in the Tyler Division on August 10, 2006, and the action was subsequently transferred to this division.[2] Quarterman has filed an answer and documentary exhibits, to which Horton did not reply.

## D. Issues

Horton brings two grounds, in which he claims that his life sentence was illegally stacked on top of his life sentence in Case No. 0313545D and that his trial counsel was ineffective by allowing the trial court to stack the sentences. (Petition at 7.)

## E. Statute of Limitations

As a preliminary matter, Quarterman asserts that Horton's petition is untimely and should be dismissed. (Resp't Answer at 3-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations

---

[1] "2State Habeas R." refers to the state court record in Horton's relevant state habeas proceeding, Application No. WR-50,543-02.

[2] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

for filing a petition for federal habeas corpus relief. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, Horton's conviction and sentence became final on March 27, 1997, when his appeal was dismissed at his request. *See Brown v. Quarterman*, No. 3-06-CV-1821-K, slip copy, 2007 WL 949800, at \*2 (N.D. Tex. Mar. 28, 2007); *Boozer v. Quarterman*, No. H-06-2784, slip copy, 2006 WL 2524075, at \*2 (SD. Tex. Aug. 31, 2006). Thus, Horton had until March 27, 1998, absent any applicable tolling of the limitations period, within which to file a timely

federal petition.

Horton is not entitled to statutory tolling because his state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is Horton entitled to tolling as a matter of equity. He did not reply to Quarterman's answer or otherwise assert a reason for his failure to file his petition in a timely manner, and the record reveals none. Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Horton's federal petition filed on August 10, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Horton's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until November 23, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 2, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE